Amir J. Goldstein (SBN 255620)
The Law Offices of Amir J. Goldstein, Esq.
E-mail: ajg@consumercounselgroup.com
7304 Beverly Boulevard, Suite 212
Los Angeles, CA 90036
Telephone: (323)937-0400
Fax: (866) 288- 9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OREN FRANKS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEB EYE CARE, INC. and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.:   2:24-cv-7482<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his class action complaint against the Defendant WEB EYE CARE, INC., alleges as follows:

**INTRODUCTION**

1. Defendant Web Eye Care, Inc. sells corrective contact lenses on its website: https://webeyecare.com.

2. Defendant advertises low prices to consumers, including Plaintiff, to lure customers to its website. There, consumers fill out details about their corrective lens prescriptions, upload copies of prescriptions, provide address and contact information for their doctor so that prescription information can be verified, and enter their personal information

---

1

**CLASS ACTION COMPLAINT**

1  including name, shipping address, billing address and credit card number or other payment
2  information; many also create a dedicated, password protected account on Defendant's website
3  during this process.  Throughout this process, Defendant displays its advertised low prices on
4  the screen.

5      3.      However, late in the checkout process, only after a consumer has provided all of
6  this information on Defendant's website, Defendant increases the overall purchase price of the
7  transaction, well above its advertised rates. Defendant does everything it can to hide additional
8  fees, which are not clearly or obviously disclosed to consumers. Instead, consumers will likely
9  only notice Defendant's covert price increases if they realize the total amount they were actually
10 charged at the end of the checkout process is higher than the advertised rates they had been
11 seeing throughout, and many do not spot this discrepancy.

12     4.      This deceptive practice has unjustly enriched Defendant by millions of dollars at
13 consumers' expense through years of hidden fees.

14     5.      This is a nationwide class action by Plaintiff and all other persons similarly
15 situated who were overcharged by Defendant based on false, misleading, and deceptive
16 advertising in violation of California Business and Professions Code §17500 et seq.  Plaintiff
17 also alleges violations under California Business and Professions Code §17200 et seq. and
18 California Civil Code §1750 et seq. and has claims for breach of contract and breaches of the
19 implied covenant of good faith and fair dealing.

## THE PARTIES

22     6.      Plaintiff is a natural person residing in Mountainside, New Jersey.  At all times
23 mentioned herein, Plaintiff was a customer of Defendant Web Eye Care, Inc.

24     7.      Defendant Web Eye Care, Inc.is a Pennsylvania corporation that regularly
25 conducts business in this district.

## JURISDICTION AND VENUE

8. Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from the Defendant.

9. This Court has supplemental jurisdiction over the State law claims in this matter pursuant to 28 U.S.C. § 1367(a), as such causes of action are so related to the claims in the action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, at all relevant times, Defendant Web Eye Care, Inc. has continuously transacted business in this district and ships its products to consumers who reside in this district.

## FACTUAL ALLEGATIONS

11. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

12. That approximately 45 million people in the U.S. wear corrective contact lenses.[1] To obtain contact lenses, a consumer must visit an eye care professional such as an optometrist for a contact lens fitting and obtain a prescription. Once a consumer obtains a prescription, they can purchase contact lenses.

13. That contact lenses are typically sold by the "box". Each box of contact lenses contains enough contact lenses to last a certain amount of time. For example, daily disposable contact lenses are often sold in boxes of 30 or 90 contact lenses.

14. That after a consumer visits an eye care professional's office for a contact lens fitting and obtains a prescription, the eye care professional will typically offer to sell the consumer a supply of contact lenses (usually a 6-month supply or a year supply). However, consumers may choose other merchants from whom to purchase the contact lenses themselves.

---

[1] https://www.cdc.gov/contactlenses/fast-facts.html

Defendant Web Eye Care, Inc. is one such merchant advertising contact lenses to consumers, as an alternative to an eye care professional.

15. That Defendant Web Eye Care, Inc. engages in deceptive and unlawful business practices, at the expense of consumers including Plaintiff, by adding questionable and undisclosed charges to a consumer's final bill. This typically results in a final price that is significantly higher than Defendant's advertised prices. This is not actually a fee for any service; it is a made-up charge that Defendant adds to increase the price and its profits.

16. That many consumers do not notice that additional charges are being added to their order, because they are not prominently or clearly displayed anywhere during Defendant's checkout process. In this way, Defendant's deceptive and false advertising increases its sales and profit by deceiving its customers.

17. That on or about October 2023, Plaintiff visited Defendant's website, https://webeyecare.com., to purchase prescription contact lenses.

18. That at the time of Plaintiff's purchase, the price advertised by Defendant for Plaintiff's contact lenses was $15.99 per box.

19. That at the time of Plaintiff's purchase, the price listed by Defendant for Plaintiff's contact lenses was advertised as a "Promotional Price" and as an "ONLINE PROMO."



20. That based on the prices advertised on Defendant's website, Plaintiff decided to place an order on https://webeyecare.com.

21. That Plaintiff relied on said pricing information on the Defendant's website and decided to purchase two boxes for each eye, for a total of four boxes of contact lenses.

22. That when Plaintiff entered this quantity into his cart, Defendant claimed that Plaintiff would "save $120.00."



23. That Plaintiff then opted for the "5-10 Business Day Ground" shipping method for his contact lenses, which according to Defendant's website, would not cost the Plaintiff any additional charges for shipping.

24. That Plaintiff did not purchase any other items.

25. That based on this information, Plaintiff's purchase price for four boxes of contact lenses, including the free shipping, should have been approximately $63.96.

26. That when Plaintiff submitted his order, the total for Plaintiff's purchase was listed by Defendant as "$155.80."

**CLASS ACTION COMPLAINT**



27. That the total purchase price for Plaintiff's transaction should have only been $63.96, based on the pricing information provided on Defendant's website, which means Defendant charged Plaintiff an overage of $91.84.

28. That there were no other line-item charges listed on the Plaintiff's "Order Summary" to account for the overage of $91.84.

29. That there were no other line-item charges or surcharges listed on Plaintiff's order confirmation to account for the overage of $91.84.

30. That the customers who visit Defendant's website are likely to, and the Plaintiff did in fact, submit his order without noticing that the Defendant inflated its prices and charged Plaintiff for more than the prices advertised on its website.

31. That no reasonable consumer expects that an advertised price hides arbitrary and fictitious charges that will substantially increase its final purchase price.

32. That upon information and belief, millions of Defendant's customers do not realize that they have been subject to an overcharge.

33. That Defendant knowingly inflated its costs and unlawfully hid excess charges from customers like the Plaintiff.

34. That the Defendant's advertisements are falsified and misleading to attract customers, like the Plaintiff, to its website.

35. That the prices listed on Defendant's website deceptively lured the Plaintiff to buy his contact lenses from the Defendant.

36. That Defendant's website contains misrepresentations regarding its prices and feeds customers misleading information in a deceptive manner.

37. That the prices listed on Defendant's website deceptively lured Plaintiff, and other consumers, to buy contact lenses from the Defendant.

38. That the Defendant's representations are material to the customer's decision-making process and have the capacity to deceive, and actually do deceive, customers, like the Plaintiff.

39. That as a result of Defendant's conduct, Plaintiff and others similarly situated, have been damaged.

## FIRST CAUSE OF ACTION

40. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41. The California Business and Professions Code §17500, et seq., prohibits false or deceptive advertising to consumers about the nature of a product or service.

42. That Defendant, by engaging in the acts hereinabove described, has committed violations under California Business and Professions Code §17500 et seq.

43. That the Defendant is a corporation in the business of selling contact lenses to consumers, like the Plaintiff, via the internet.

44. That the Defendant acted with intent and knowingly and/or recklessly misrepresented objective facts, i.e. its price per item.

45. That Defendant's misrepresentations and nondisclosures are material, in that a reasonable person would have attached importance to said information and would be induced to act on said information in making purchase decisions.

46. That the Plaintiff and class members reasonably relied on the representations and/or omissions of the Defendant to purchase products from the Defendant.

47. That the Plaintiff and class members suffered financial harm as a consequence of Defendant's false advertising.

48. That pursuant to California Business and Professions Code § 17506, the Plaintiff and class members are entitled to recover actual damages and restitution.

## SECOND CAUSE OF ACTION

49. The Plaintiff repeats and realleges each and every allegation set for above as if reasserted and realleged herein.

50. That the Consumer Legal Remedies Act ("CLRA") or Cal. Civ. Code §1750, et seq. protects consumers against unfair and deceptive business practices and provides efficient and economical procedures to secure such protection.

51. That Defendant, by engaging in the acts hereinabove described, has committed violations of the CLRA.

52. That the Defendant is a "person" within the meaning of Cal. Civ. Code § 1761(c).

53. That the Plaintiff is a "consumer" within the meaning of Cal. Civ. Code § 1761(d).

54. That the products and services marketed and sold by Defendant are "goods" and "services" within the meaning of Cal. Civ. Code § 1761(a) and (b), respectively.

55. That the purchase of goods at issue here constitutes a "transaction" within the meaning of Cal. Civ. Code § 1761(e).

56. That the purchase of goods at issue here was for personal, family and household purposes within the meaning of Cal. Civ. Code § 1761(d).

57. That venue is proper because a substantial number of unlawful transactions occurred in this district.

58. That Defendant intentionally deceived Plaintiff and continues to deceive the public by misrepresenting its prices, failing to disclose excess charges or the true prices of its goods and services, and by misrepresenting and failing to adequately disclose material information about the true prices of its goods and services.

59. That the Plaintiff contacted Defendant to notify it of its unlawful conduct pursuant to Cal. Civ. Code § 1782, et seq.

60. That Defendant has a duty to adequately disclose pricing information to its consumers, like the Plaintiff.

61. That the Defendant's misrepresentations and nondisclosures deceive, and have a tendency to deceive, the general public.

62. That the Defendant's misrepresentations and nondisclosures are material, insofar as a reasonable person would attach importance to said information and would be induced to act on said information in making purchase decisions.

63. That the Plaintiff reasonably relied on Defendant's misrepresentations and would not have purchased goods from the Defendant had he known the truth.

64. That as a result of Defendant's conduct, Plaintiff and class members have been damaged.

### THIRD CAUSE OF ACTION

65. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

66. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

67. That Defendant, by engaging in the acts hereinabove described, has committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

68. That the harm caused by Defendant's conduct outweighs any benefits that Defendant's conduct may have.

69. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendant's conduct.

70. That the Defendant has been unjustly enriched by committing said acts.

71. That as a result of Defendant's conduct, Plaintiff has been harmed and has

1  suffered damages.

2      72.    That as a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

      73.    That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

## FOURTH CAUSE OF ACTION

      74.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

      75.    That the Defendant, by engaging in the acts hereinabove described, breached its contract with the Plaintiff, and other consumers like the Plaintiff, by the following acts which include, but are not limited to: making various misrepresentations; sending out false information; mischaracterizing the total costs for transactions; for failing to provide accurate disclosures; and for failing to honor their obligations as set forth in its purchase agreement.

      76.    That Defendant breached its respective contracts with the Plaintiff, and other consumers like the Plaintiffs, by making misrepresentations which were accepted and acted on in reliance of the same and for making false statements.

      77.    That as a result of the Defendants' conduct, the Plaintiff and other consumers like the Plaintiff, suffered damages.

## FIFTH CAUSE OF ACTION

      78.    The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

      79.    That Defendant, by engaging in the acts hereinabove described, has violated the covenant of good faith and fair dealing.

      80.    That Defendant abused its discretion by imposing various fees and charges on its customers, like the Plaintiff, and by failing to properly disclose said charges at the point of

purchase.

81. That upon information and belief, Defendant imposes extra fees and hidden surcharges on customers like the Plaintiff as a covert way of increasing its profits.

82. That Defendant's imposition of extra fees and hidden surcharges defied the reasonable expectations of consumers, like the Plaintiff.

83. That Defendant's conduct was objectively unreasonable, arbitrary and in bad faith and therefore has the effect of denying consumers like the Plaintiff the full benefit of their bargain with the Defendant.

84. That Plaintiff performed all of his obligations toward the Defendant, whereas there is no legitimate excuse or defense for Defendant's conduct.

85. That as a result of Defendant's conduct, Plaintiff and class members have been damaged.

86. That because Defendant cannot defend its overcharging and cannot find any grounds to excuse its abuses of discretion, it cannot preclude the Plaintiff for recovering for Defendant's breaches of good faith and fair dealing.

## CLASS ALLEGATIONS

87. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

88. This action is brought on behalf of Plaintiff and the members of a class.

89. That the class consists of all persons whom Defendant's records reflect visited Defendant's website to purchase contact lenses, were misled based on Defendant's misrepresentations and paid for charges that were not properly disclosed by Defendant at the time of purchase.

90. That upon information and belief, Plaintiff alleges that the number of putative Class Members in the class exceeds five million and that the aggregate overcharges in each putative Class exceed $10 million, exclusive of interest and costs.

91. There is a special and compelling need for nationwide class certification. The

relatively small dollar amounts charged to each consumer make individual actions uneconomical. Therefore, it is extremely unlikely that individual claims will be brought against Defendant. Defendant would not be able to retain its ill-gotten gains in the absence of a nationwide class action.

92. There is an acute danger of inconsistent verdicts in other states if class certification is limited to California. This is the type of case that needs to be adjudicated once for the entire nation. Any state law variations fall into a limited number of predictable patterns and do not render the action unmanageable if it is certified as a nationwide class action.

93. The choice of California as the forum for the nationwide class action is not arbitrary or unfair. The contacts with California are more significant than any other state, including the fact that California is the most populous State with approximately 12% of the population of the United States and therefore it is likely that there are more Class Members in California than any other State.

94. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the unlawful conduct by Defendant, including Defendant's deceptive marketing practices and false advertising, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members including:

    i. Whether Defendant's sales and billing practices, as alleged herein, are unjust and unreasonable in violation of the law;

    ii. Whether Defendant's website adequately discloses all terms, fees, and conditions of purchases to consumers as required under the law;

    iii. Whether Defendant was unjustly enriched by the concealing fees from consumers;

    iv. Whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

        v.    Whether Defendant should be enjoined from the unlawful practices alleged herein.

(C) The only individual issue is the identification of the consumers like the Plaintiff, a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories. All putative Class Members have suffered identical injuries, that is overcharges for inaccurate or unauthorized surcharges.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and consumer-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

95.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing consumer protection statutes and other laws. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

96.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. All applicable notice deadlines and statutes of limitations have been tolled by the delayed discovery rule.

97.    That as this case progresses and the parties engage in discovery exchange, the putative Class will be subject to further definition and refinement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the putative Class Members pray for the following relief:

1. An order certifying the class defined above, appointing Plaintiff as class representative and appointing his attorney as class counsel;
2. Equitable and injunctive relief;

3. Restitution;

4. Judgment for damages, including actual, statutory, treble and punitive, where applicable;

5. Pre- and post-judgment interest on the above amount;

6. Attorney's fees and costs of this action; and

7. For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant(s) and its agents, employees, affiliates and/or subsidiaries, from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

## JURY DEMAND

**Plaintiff requests trial by jury on all issues so triable.**

Dated: September 3, 2024                    AMIR J. GOLDSTEIN, ESQ.

                                                       /S/ Amir J. Goldstein
                                                     Amir J. Goldstein, Esq.
                                                     Attorney for Plaintiff